UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DAN PRATT and KELLY PRATT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:09-CV-272 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| GRAYHOUND LINES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **MEMORANDUM**

Before the Court are two pending motions. The first motion is a motion to dismiss brought by Defendant Grayhound Lines, Inc. ("Defendant") (Court File No. 6), to which Plaintiffs Dan Pratt and Kelly Pratt filed a response ("Plaintiffs") (Court File No. 15). The second motion is a motion to transfer venue brought by Plaintiffs (Court File No. 7), to which Defendant responded (Court File No. 12) and Plaintiffs replied (Court File No. 13). These motions are treated together, because Plaintiffs contends the motion to transfer is the proper answer for the motion to dismiss. For the reasons discussed below, Defendant's motion to dismiss (Court File No. 6) will be **GRANTED** and Plaintiffs' motion to transfer (Court File No. 7) will be **DENIED**.

### I.    RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiffs Dan and Kelly Pratt were passengers on a Grayhound bus on December 27, 2007, en route from Chattanooga, Tennessee, to Denver, Colorado. When the bus was passing through the Northern District of Texas, the bus was involved in an accident. Alleging they were injured in this accident, Plaintiffs filed this action on October 22, 2009. Though this action was filed in the Eastern District of Tennessee, Plaintiffs' assert in their complaint that the substantive law of Texas

should apply. The parties agree this Court has subject matter jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332.

Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending Plaintiffs fail to state a claim upon which relief can be granted because recovery is barred by Tennessee's one-year statute of limitations on claims for personal injuries. *See* Tenn. Code Ann. § 28-3-104. In response, Plaintiffs filed a motion to transfer venue to the Northern District of Texas, because Texas has a two-year statute of limitations for personal injuries, *see* Tex. Civ. Prac. & Rem. Code § 16.003, which had not run on the date this action was filed. Plaintiffs argue transfer of venue, rather than dismissal, is the appropriate solution to Tennessee's statute of limitations. Defendant opposes transfer, arguing transfer of venue improper under the circumstances and, therefore, the case should be dismissed.

## II. DISCUSSION

A federal court acting under diversity jurisdiction applies the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Plaintiffs assert Texas substantive law should apply in this case. Even when applying the law of a different jurisdiction, however, Tennessee courts still apply Tennessee law on matters that are procedural. *Schwegman v. Howard*, No. M2001-00845-COA-R3-CV, 2002 WL 31247084, at *3 (Tenn. Ct. App. October 8, 2002) (citing *State v. Early*, 934 S.W.2d 655, 657 (Tenn. Ct. App. 1996)). In Tennessee, a statute of limitations is considered a procedural issue. *Id.* (citing *Cronin v. Howe*, 906 S.W.2d 910, 913-14 (Tenn. 1995)). Therefore, a federal court sitting in Tennessee applies the Tennessee statute of limitations. *Elec. Power Bd. of Chattanooga v. Monsanto*, 879 F.2d 1368, 1375 (6th Cir.

2

1989) ("[S]tatutes of limitations are procedural rules and thus the statutes of limitations of the forum state–Tennessee–apply to the claims . . . .") Because the parties agree Plaintiffs' complaint is properly construed as a claim for personal injury, and because this action was filed more than one year after the cause of action arose, this case is barred by the Tennessee statute of limitations. *See* Tenn. Code Ann. § 28-3-104. A claim barred by a statute of limitations fails to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12(b)(6). *Dixon v. Clem*, 492 F.3d 665, 671(6th Cir. 2007).

Plaintiffs seek to avoid this result by transferring venue to the Northern District of Texas. Plaintiffs seek a transfer of venue under 28 U.S.C. § 1404(a) and under § 1406(a). Section 1404(a) allows transfer of venue "[f]or the convenience of parties and witnesses." Section 1406(a) allows transfer of venue whenever the case is filed where venue is improper. A transfer of venue will avoid a statute of limitations only when venue is transferred under § 1406(a). Though the standard justifying a transfer under § 1404(a) is more easily met, actions transferred pursuant to § 1404(a) still apply the choice of law rules of the transferring court. *See Ferens v. John Deere Co.*, 494 U.S. 516, 518-19 (1990); *Watkins & Son Pet Supplies v. Iams Co.*, 254 F.3d 607, 611 (6th Cir.2001). Actions transferred under § 1406(a), however, apply the choice of law rules of the transferee court. *GBJ Corp. V. Eastern Ohio Paving Co.*, 139 F.3d 1080, 1084 (6th Cir. 1998). Therefore, Plaintiffs' case must be dismissed under the statute of limitations unless it is entitled to a transfer of venue under § 1406(a).

Under § 1406(a), when cases "laying venue in the wrong division or district" are filed, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, however, Plaintiffs have

not argued venue in this district is improper under 28 U.S.C. § 1391 or any other federal venue statute. Rather, they merely argue "in the interest of justice" that this case should be transferred rather than dismissed. Before this Court can determine whether transfer is preferable to dismissal "in the interest of justice" under § 1406(a), it is necessary that Plaintiffs show that § 1406(a) applies to this case. *See Stanifer v. Brannan*, 564 F.3d 455, 459 n.1 (6th Cir. 2009) (holding that where plaintiff responded to a motion to dismiss with a motion to transfer venue, plaintiff had the burden of proving grounds for transfer). By its terms, § 1406(a) only applies to cases "laying venue in the wrong division or district."

Some courts have read § 1406(a)'s requirement of a "wrong division or district" to include a case, such as this one, where a statute of limitations bars recovery in the transferring forum but would not in the requested transferee forum. *See, e.g.*, *Porter v. Groat*, 840 F.2d 255, 257 (4th Cir. 1988) ("We decide to align ourselves with those jurisdictions giving § 1406(a) a broad construction where, as here, suit would not be barred by limitations if brought in the district of the defendant's residence, but would be barred in the district where brought."). These courts appear to be in the minority, however. *See Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) ("Although we do not dispute that § 1406 should be read broadly in many circumstances, we cannot accept the Fourth Circuit's analysis that in *all cases* in which there is a procedural bar to suit in the transferor district, but not in the transferee district, the action should be transferred. . . . [A]llowing a transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice.") (emphasis in original); *Dubin v. United States*, 380 F.2d 813, 816 n.5 (5th Cir. 1967) ("It is obviously not 'in the interest of justice' to allow [§ 1406] to allow this section to be used in aid of a non-diligent plaintiff who knowingly files a case in the

4

wrong district. The purpose of the statute of limitations is not, therefore, frustrated by this statute.")

Though it has not addressed this precise question, it appears the Sixth Circuit favors the approach of the Second and Fifth Circuits. In *Stanifer v. Brannan*, a Kentucky plaintiff filed an action in the Western District of Kentucky against an Alabama defendant for personal injuries caused in an automobile accident that occurred in Alabama. 564 F.3d 455, 456 (6th Cir. 2009). The defendant moved for dismissal for lack of personal jurisdiction. The plaintiff responded by moving for a transfer of venue pursuant to § 1406(a) to the Northern District of Alabama, which would have personal jurisdiction over the defendant. The plaintiff argued it was "in the interest of justice" to transfer, rather than dismiss the case, because the applicable statute of limitations in Alabama had run on his claim. *Id.* Rather than transfer the case, however, the district court dismissed the case: "The 'interest of justice' analysis which might permit this court to exercise its discretion by transferring venue should not permit Plaintiff to resurrect a claim which might be lost due to a complete lack of diligence in determining the proper forum in the first instance." *Id.* at 457.

On appeal, the Sixth Circuit affirmed. *Id.* at 461. The Sixth Circuit looked to Supreme Court precedent urging a broad reading of § 1406(a), but concluded the Supreme Court "cannot have intended that dismissal of a complaint filed, deliberately or carelessly, in the wrong district should be excused as a 'justice-defeating technicality.'" *Id.* at 458-59 (interpreting *Goldlawr v. Heiman*, 369 U.S. 463, 466-67 (1962)). According to the Court, most of the cases where transfer is preferred over dismissal "involved an assertion of subject-matter or personal jurisdiction that provided some arguable basis for thinking that the action was properly brought in the district in which it was originally filed." *Id.* at 460. In affirming the district court, the Sixth Circuit cited the Second Circuit's observation that a transfer where there is no such arguable basis "would reward plaintiffs

5

for their lack of diligence in choosing a proper forum." *Id.* at 459 (citing *Spar*, 956 F.2d at 394).

In this case, Plaintiffs have offered no reason to explain why this case was originally filed in this district other than their own lack of diligence. There appears to be no "arguable basis for thinking the action was properly brought" in this district. *See id.* at 460. Indeed, it is clear that Plaintiffs gave no thought at all to the applicable statute of limitations in this case. If they had, they would have filed this case in the Northern District of Texas at the outset. Therefore, the "interest of justice" analysis under § 1406(a) "should not permit Plaintiff to resurrect a claim which might be lost due to a complete lack of diligence in determining the proper forum in the first instance." *Stanifer*, 564 F.3d at 457.

### III. CONCLUSION

Because transfer of venue under § 1406(a) would be inappropriate in this case, and because transfer under § 1404(a) would not remove the application of the Tennessee statute of limitations, Defendant is correct that this case fails to state a claim upon which relief can be granted. Therefore, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 6), will **DENY** Plaintiffs' motion to transfer (Court File No. 7), and will **DISMISS** the complaint.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**